1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL HOWARD HUNTER,

    Petitioner,

  v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO.    C08-780-RAJ-JPD
(CR88-93-ER(CRD))

REPORT AND RECOMMENDATION

Petitioner Michael Howard Hunter has filed a petition for writ of error *coram nobis* to challenge his 1989 federal conviction for threatening certain federal officials.  (*See* CR88-93ER.) Petitioner asserts in his petition that the court erred when it failed to appoint counsel for purposes of petitioner's pre-trial competency hearing.  Petitioner, who is no longer in custody on his 1989 conviction, asserts that this Court has jurisdiction to consider the instant petition under the All Writs Act, 28 U.S.C. § 1651, through the writ of *coram nobis*.

Federal Courts have authority to issue the writ of coram nobis under the All Writs Act. However, the writ is an extraordinary remedy and is available only in limited circumstances.  *See*

REPORT AND RECOMMENDATION
PAGE - 1

*Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987).  In order to qualify for *coram nobis* relief, a petitioner must show that (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.  *United States v. Kwan*, 407 F.3d 1005, 1011 (9th Cir. 2005) (citation omitted).

Petitioner asserts that he meets all of the requirements to qualify for *coram nobis* relief.  This Court disagrees.  Petitioner contends that he could not have attacked his conviction earlier due to his mental incompetency.  However, the record of petitioner's criminal proceedings, CR88-93-ER (CRD), reflects that following his conviction in 1989, petitioner filed both a direct appeal of his conviction and a motion pursuant to 28 U.S.C. § 2255, and that he challenged the district court's failure to appoint counsel in some form in both of those proceedings.  *See United States v. Hunter*, 935 F.2d 276, 1991 WL 99498, at *1-3 (9th Cir. 1991) (unpublished, text available in WESTLAW), and CR88-93-CRD, Dkt. No. 336.)  The Court of Appeals affirmed petitioner's conviction on direct appeal, and the district court dismissed petitioner's § 2255 motion, with prejudice.  (*See* CR88-93-CRD, Dkt. No. 342 and CR92-575-CRD.)  It is noteworthy that petitioner stipulated to the dismissal of his § 2255 motion at a time when he was represented by counsel.  (*See id.*)

//

//

//

//

//

REPORT AND RECOMMENDATION
PAGE - 2

As petitioner has had ample opportunity to litigate the issue presented in his petition for writ of error *coram nobis* in the years since his conviction, this Court recommends that his petition be denied and that this action should be dismissed.  This Court further recommends that petitioner's application to proceed *in forma pauperis* be stricken as moot.   A proposed order accompanies this Report and Recommendation.

DATED this 14th day of July, 2008.

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3